People ex rel. Prue v Imperati (2023 NY Slip Op 02401)

People ex rel. Prue v Imperati

2023 NY Slip Op 02401

Decided on May 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-03813

[*1]The People of the State of New York, ex rel. Kevin A. Prue, on behalf of John J. Jastrebski, petitioner, 
v
Kirk Imperati, etc., respondent.

Thomas N. N. Angell, Poughkeepsie, NY (Kevin A. Prue pro se of counsel), for petitioner.
William V. Grady, District Attorney, Poughkeepsie, NY (Heather Ryan and Kirsten Rappleyea of counsel), for respondent.

DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application for the immediate release of John J. Jastrebski upon his own recognizance or under nonmonetary conditions, or, in the alternative, to set reasonable bail upon Dutchess County Indictment No. 14/23.
ADJUDGED that the writ is dismissed as academic, without costs or disbursements, as John J. Jastrebski was released under nonmonetary conditions on May 1, 2023.
"[T]he power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). "This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary," and "ordinarily precludes courts from considering questions which, although once live, have become moot by passage of time or change in circumstances" (id. at 713-714).
Generally, a matter will be considered moot unless the rights of the parties will be directly affected by a determination of the matter and the interest of the parties is an immediate consequence (see id. at 714). Here, it is undisputed that John J. Jastrebski was released under nonmonetary conditions on May 1, 2023. Thus, the proceeding is academic (see id.; People ex rel. Bender v Brann, 162 AD3d 726, 726), and this Court may not decide it unless it is found to be within the exception to the mootness doctrine, "which permits the courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would be rendered otherwise nonreviewable" (Matter of Hearst Corp. v Clyne, 50 NY2d at 714).
Contrary to the petitioner's contention, the exception to the mootness doctrine does not apply in this proceeding (see id. at 714-715).
Accordingly, we dismiss the writ as academic.
DUFFY, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court